UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Brewton, Adrianna – 1:24-cv-07090

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF ADRIANNA BREWTON'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleading in Plaintiff's case as time-barred under the North Carolina statute of repose.

1. Plaintiff's Name: Adrianna Brewton

2. Case Number: 1:24-cv-07090

3. Case Origin: Southern District of Indiana

4. Plaintiff's Home State per Complaint: North Carolina (Plaintiff's current residence, residence at the time of implant, and residence at the time of alleged injury)

5. Applicable Choice of Law Rules: North Carolina

6. Applicable Statute of Repose: N.C. Gen. Stat. § 1-46.1 ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of the initial purchase for use or consumption.").

7. Filter Placement Date (latest possible date of purchase): February 22, 2011

8. Filing Date: February 27, 2024

9. Length of Time Between Purchase and Filing: 13 years, 5 days

## BRIEF ARGUMENT

North Carolina's twelve-year statute of repose for product liability actions bars all of Plaintiff's claims. *See* N.C. Gen. Stat. § 1-46.1. North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled. *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds). Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp. 3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

This Court dismissed all claims in the *Sisco* case as time-barred by the twelve-year statute of repose. *See* Dkt. 24606 (*Sisco*). In the *Amey* and *Wilson* cases, this Court dismissed all claims as time-barred by the six-year statute of repose that applies to claims based on filters sold before October 1, 2009. *See* Dkt. 20384 (*Amey*); Dkt. 15084 (*Wilson*). The enlarged twelve-year statute of repose currently in effect in North Carolina applies to all products sold after October 1, 2009.[1] Courts applying North Carolina law have explained that the enlargement of the statute of repose from six to twelve years did not change the law in any other respect. *See Stahle v. CTS Corp.*, 817 F.3d 96, 103 (4th Cir. 2016) (explaining that "the only textual change to the new product liability action statute [in North Carolina] was to replace 'six years' with '12 years.'"); *Cramer v. Ethicon,*

---

[1] For medically implanted devices, the purchase date can be no later than the date of implant. *See DeVito v. Biomet, Inc.*, 2024 WL 1289805, at *3-4 (E.D.N.C. 2024) (holding that the date of implant "is 'properly considered the date of initial purchase for use or consumption for the purpose of the statute of repose'" and that the six-year statute of repose applies to bar plaintiff's claim (quoting *Fulmore v. Johnson & Johnson*, 581 F. Supp. 3d 752, 756 (E.D.N.C. 2022)).

*Inc.*, 2021 WL 243872, at *6 (W.D.N.C. Jan. 25, 2021) (explaining that plaintiff's claims would have been barred by both the six-year and twelve-year statute of repose because the product was implanted more than thirteen years before the commencement of the action).

Applying this law here, all of Plaintiff's claims are time-barred under the twelve-year statute of repose. Plaintiff received her filter on February 22, 2011. Plaintiff failed to file her action until February 27, 2024 – more than thirteen years after the date of purchase. Plaintiff's claims are therefore untimely by over one year and should be dismissed as a matter of law. *See* Dkt. 24606 (*Sisco*); Dkt. 20384 (*Amey*); *Cramer*, 2021 WL 243872, at *4; *DeVito*, 2024 WL 1289805, at *3-4. Furthermore, no exception to this statute applies, as this Court has routinely rejected plaintiff arguments based on theories of latent-disease exception, waiver, equitable estoppel, or express warranty extension of the repose period. *See, e.g.*, Dkts. 22992, 22977, 22996, 24430, 24661, 24868.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

                                              Respectfully submitted,

Dated: July 23, 2025              /s/ Andrea Roberts Pierson
                                           Andrea Roberts Pierson
                                           Jessica Benson Cox
                                           FAEGRE DRINKER BIDDLE & REATH LLP
                                           300 North Meridian Street, Suite 2500
                                           Indianapolis, Indiana 46204
                                           Telephone: (317) 237-0300
                                           Andrea.Pierson@FaegreDrinker.com
                                           Jessica.Cox@FaegreDrinker.com

                                           James Stephen Bennett
                                           FAEGRE DRINKER BIDDLE & REATH LLP
                                           110 West Berry Street, Suite 2400
                                           Fort Wayne, Indiana 46802
                                           Telephone: (260) 424-8000
                                           Stephen.Bennett@FaegreDrinker.com

                                           *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ADRIANNA BREWTON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                           /s/ Andrea Roberts Pierson