**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC., IVC FILTERS          Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND                           MDL No. 2570
PRODUCTS LIABILITY LITIGATION

---

This Document Relates to:

Brewton, Adrianna
Civil Case # 1:24-cv-07090-RLY-TAB

---

**PLAINTIFF ADRIANNA BREWTON'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Plaintiff Adrianna Brewton hereby submits her Response in Opposition to the Cook

Defendants' Motion for Judgment based upon Plaintiff's pleadings under Federal Rule of Civil

Procedure 12(c) and CMO-28. The only issue presented in said Motion is whether Plaintiff's action

is barred by North Carolina's statute of repose, N.C. Gen. Stat. § 1-46.1. However, because the

Plaintiff's pleadings, including and especially the allegations stated in Paragraph 9 of Plaintiff's

Amended Short Form Complaint (hereinafter the "SFC") and Exhibit A to the SFC, allege specific

and concrete facts relating to the Cook Defendants' express warranty as to the product at issue's

safety and efficacy for permanent implantation into the human body, these Defendants have waived

the statute of repose as a defense. *See Christie v. Hartley Construction, Inc.*, 766 S.E.2d 283, 288

(N.C. 2014). For the reasons stated in more detail below, the Cook Defendants' Motion for

Judgment should be denied.

**ARGUMENT**

The Cook Defendants (hereinafter collectively referred to as "Cook") raise only one

argument in their Motion: they allege that Plaintiff's claims are barred by North Carolina's twelve-

year statute of repose for product liability actions. They argue, incorrectly, that this statute of repose functions as an absolute bar to liability. However, North Carolina does, in fact, recognize an exception where a defendant waives the statute as a defense by warranting the life of the product for longer than twelve years. *See Christie v. Hartley Constr., Inc.*, 367 N.C. 534, 540 (N.C. 2014) (holding that a seller may bargain away the protection of the statute of repose by extending a warranty to the buyer that exceeds the twelve-year repose period). Based upon Plaintiff's pleadings before the Court, Cook have waived the defense, and as such, their Motion must fail.

Cook's Motion for Judgment "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). To survive under this statement, Plaintiff's pleadings must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on Cook's Motion, the Court must accept Plaintiff's well-pleaded factual allegations as true and construe all reasonable inferences in her favor. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015). As such, to survive Cook's Motion, Plaintiff's pleadings need only state sufficient factual allegations to allow the Court to draw a reasonable inference that Cook warranted the product at issue for a period of time longer than twelve months and thereby waived their right to use the statute of repose as a defense to Plaintiff's claims.

An express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a basis of the bargain." N.C. GEN. STAT. § 25-2-313. "It is not necessary to the creation of an express warranty that the seller use formal words such as

1

'warrant' or 'guarantee' or that he have a specific intention to make a warranty[.]" *Belden Inc. v. Am. Elec. Components, Inc.*, 885 N.E.2d 751, 762 (Ind. Ct. App. 2008). Plaintiff's well-pleaded factual allegations clearly demonstrate that Cook warranted the life of its product beyond twelve years and thereby waived its repose defense. The following is a concise summary of Plaintiff's pleadings as laid out in Exhibit A to her SFC (Dkts. 25321 and 25322).

Cook has always marketed the Celect IVC filter "to the public at large and physicians" as a permanent filter, and this is because of its express representations to the FDA that the filter was safe for permanent placement into the human body.  SFC Exhibit A at ¶ 1. (Dkt. 25322) Cook's representations that the Celect filter was suited for permanent placement in the body was an "express statement of material fact" upon which its clearance for sale depended and was neither mere puffery nor an opinion as to value. *Id.* at ¶ 3. Cook's representations that the product would remain safe and effective for the remaining life of the patient were included in sales catalogs, patient guides, and other promotional and marketing materials disseminated to Plaintiff's implanting physician, who passed such information along to Plaintiff. *Id.* at ¶¶ 4–7.  Cook expressly warranted that the Celect filter was "safe and effective as a permanent filter." *Id.* at ¶¶ 7, 11. This express representation was relied upon by Plaintiff's implanting physician and by Plaintiff when deciding upon her treatment options, it formed the basis of the bargain for Plaintiff's decision to purchase and be implanted with the Celect IVC filter and for the decision to allow the filter to remain in her body. *Id.* at ¶¶ 7–8, 10, 58-61. Cook breached the warranty in that the Celect filter was not safe for permanent implantation in the human body, nor was it effective for its intended purpose. *Id.* at ¶ 9.

These allegations, which are well-pleaded and which must be accepted as true, create more than a reasonable inference that Cook warranted the Celect IVC filter at issue for the lifetime of

the patient into whom it is implanted, a period of time that is longer than the twelve years allotted by the statute of repose. This Court has previously considered the question of whether Cook's representations as to the permanent lifetime of the Celect filter could waive Cook's repose-based defense in the case of Plaintiff Nicole Al-Natoor and others. *See generally, e.g.*, *In re Cook Med., Inc.*, No. 1:14-ml-02570-RLY-TAB, 2023 U.S. Dist. LEXIS 206014 (S.D. Ind. June 13, 2023) (Dkt. No. 24430). Unlike those cases, Plaintiff has here pleaded more than a mere "naked assertion" as to Cook's express warranty. *Id.* at *8. In particular, as detailed above, Plaintiff's SFC states with specificity: (1) the nature of the representation; (2) when and where Cook made said representation; (3) how such representation reached Plaintiff, by and through her implanting physician; (4) Plaintiff's understanding of said representation; (5) Plaintiff's reliance upon said representation; and (6) that the representation was part of the basis for the bargain.

For these reasons, Plaintiff respectfully requests that the Court deny the Cook Defendants' Motion for Judgment.

Dated: August 7, 2025.

Respectfully submitted,

*/s/ Ben C. Martin*
Ben C. Martin, TX Bar No. 13052400
**Ben Martin Law Group, PLLC**
Thomas Wm. Arbon, TX Bar No. 01284275
3141 Hood Street, Suite 600
Dallas, TX 75219
Tel.:  (214) 761-6614
Fax:  (214) 744-7590
bmartin@bencmartin.com
tarbon@bencmartin.com

***Attorneys for Plaintiff***

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin