UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

---

This Document Relates Only to the Following Cases:

Brewton, Adrianna, 1:24-cv-07090

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF ADRIANNA BREWTON'S CASE PURSUANT TO CMO-28**

Echoing arguments made by other unsuccessful plaintiffs in this MDL, Plaintiff insists her
express warranty claim is not time-barred by North Carolina's statute of repose because Cook
expressly warranted that her filter was safe and effective for permanent implantation.[1] This Court
has already rejected this argument several times, and Plaintiff has presented no reason why the
Court should deviate from its prior rulings. The Court should therefore dismiss Plaintiff's claims
as a matter of law.

## **ARGUMENT**

Plaintiff offers a single argument in opposition to Cook's Motion: she argues that Cook
waived its statute-of-repose defense because it made "express representations to the FDA that the
filter was safe for permanent placement into the human body." Dkt. 26974 at 2. Plaintiff alleges
that these representations "were included in sales catalogs, patient guides, and other promotional
and marketing materials disseminated to Plaintiff's implanting physician, who passed such
information along to Plaintiff." *Id.*

At the outset, the Court has already dismissed Plaintiff's express warranty claim. Plaintiff
bases her argument on allegations in the Amended Short Form Complaint that she filed on
February 27, 2024. *See* Dkts. 25321 & 25322. But weeks later, on March 19, 2024, this Court held
that ***all*** Plaintiffs in this MDL failed "to sufficiently allege a claim for breach of express warranty
in either the Master Complaint or in their Short Form Complaints." Dkt. 25387 at 12. Although

---

[1] Although Plaintiff's response ostensibly seeks denial of Cook's entire motion for judgment, *see*
Dkt. 26974 at 1, 3, the sole argument she raises relates ***only*** to her express warranty claim, and not
to her other claims. *See Christie v. Hartley Constr., Inc.*, 367 N.C. 534, 541 (N.C. 2014)
(reinstating express warranty claim based on waiver but leaving dismissal of other claims intact).
Plaintiff has offered no response to Cook's motion, beyond arguments concerning her express
warranty claim, as to any of her other theories of recovery, and the Court should therefore dismiss
them. *See Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) (stating the longstanding
rule that "a litigant effectively abandons the litigation by not responding to alleged deficiencies in
a motion to dismiss").

the Court granted all MDL Plaintiffs until April 26, 2024, to amend their Short Form Complaints

to assert any additional express warranty allegations, Plaintiff Brewton did not take that

opportunity and made no additional amendments to her express warranty claim. Her express

warranty claim has therefore been dismissed on the pleadings, *see* Dkt. 25387 at 12, and her

attempt to defend it in her response is futile. Plaintiff has not moved to reconsider this dismissal;

indeed, Plaintiff's response does not address or even mention the dismissal, which forecloses her

present argument.

Even assuming for the sake of argument that Plaintiff's express warranty claim had not

already been dismissed, her argument here fails for the same reason all other Plaintiffs' express

warranty claims have failed. Plaintiff asserts that her express warranty allegations are different

than those in other cases this Court has dismissed under the North Carolina statute of repose

because she has "pleaded more than a mere 'naked assertion' as to Cook's express warranty." Dkt.

26974 at 3. This argument does not withstand scrutiny. Plaintiff's express warranty allegations are

identical (except for patient and doctor names) to allegations this Court considered in dismissing

all Plaintiffs' express warranty claims in its March 2024 Order. *Compare* Dkt. 24712 (cited in Dkt.

25387), *with* Dkt. 25322. There is nothing unique about Plaintiff's express warranty allegations or

North Carolina law concerning express warranties, and the Court should hold once again that these

allegations do not and cannot save her case.

Plaintiff's reliance on *Christie*, 766 S.E.2d 283, does not change this result, as this Court

has repeatedly held in rejecting this very argument. *See, e.g.*, Dkt. 24428 (*Parson*) at 4-7

(discussing and distinguishing *Christie*); *see also* Dkts. 24870 (*Cunningham*), 24430 (*Al-Natoor*),

24605 (*Sisco*), 24868 (*Hameed*). The plaintiffs in *Christie* presented evidence of a detailed, express

20-year written warranty. *See* 766 S.E.2d at 285. In contrast, Plaintiff here—like the other plaintiffs

who have unsuccessfully urged this argument—claims that Cook made representations that the Celect filter was "safe and effective as a permanent filter." Dkt. 26974 at 2. But this statement was qualified by statements in the same documents concerning possible adverse events, including "filter migration, perforation of the vena cava, and migrating blood clots." Dkt. 25387 at 11. The mere fact that the filter had a possible permanent use option did not create an express warranty or guarantee that the filter would last indefinitely, or that known complications and adverse effects cannot occur. Indeed, this Court has already held that an "allegation that Cook warranted its filters to doctors and patients as a 'safe and effective permanent filter' is insufficient to support an inference that Cook 'knowingly and freely entered into a contract of sale with [Plaintiff] in which [Cook] bargained away the protections of the [North Carolina] statute of repose.'" Dkt. 24428 (*Parson*) at 7 (quoting *Christie*, 766 S.E.2d at 541). Plaintiff's argument fails.

In sum, Plaintiff has proffered the same arguments that this Court has already rejected, both generally and in other individual cases governed by North Carolina law. Plaintiff has offered no reason why this Court should deviate from its prior decisions. Accordingly, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated: August 22, 2025

/s/ *Jessica Benson Cox*

Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,
Cook Medical LLC, and William Cook Europe
ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, a copy of the foregoing document was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*